6787

## ATLANTIC AND CHARLOTTE AIR LINE RY. CO. v. VICTOR MFG. CO.

EQUITY—REFERENCE—ISSUES.—An action to enjoin continued trespass and for compensatory damages is in equity, and defenses thereto of estoppel, purchaser for value without notice and reformation of deed alleged to have been obtained by fraud are equitable, and these issues properly referred to master.

Before DANTZLER, J., Spartanburg, December, 1906 Affirmed.

Action by Atlantic and Charlotte Air Line Railway Company and Southern Railway Company against Victor Manufacturing Company. From order referring certain issues to master, defendant appeals.

*Messrs. Haynsworth, Patterson & Blythe* and *Simpson & Bomar,* for appellant. The former cite: 16 Cyc., 809, 725; 100 U. S., 578; 122 U. S., 241; 77 S. C., 420; 57 S. C., 279, 507; 31 S. C., 155; 1 Bay., 241; Code, 1902, 2445; 38 S. C., 211; 3 S. C., 579; 66 S. C., 77; 75 S. C., 334, 318; 77 S. C., 1.

*Messrs. Sanders & DePass* and *Nichols & Jones,* contra. The former cite: 16 S. C., 331; 12 S. C., 108; 23 S. C., 392; 54 S. C., 157; 52 S. C., 461; 70 S. C., 284; 2 Pom. Eq. Jur., Secs. 801, 802, 870, 910; 12 Am. R., 111; 45 S. C., 512; 67 S. C., 389; 41 S. C., 304.

*Messrs. Nichols & Jones* cite: Code of Proc., 274, 275; 27 S. C., 408; 56 S. C., 298; Rice, 388; 119 U. S., 545; 12 S. C., 108; Code 1902, 2445, 2446; 20 Ency., 719.

March 3, 1908.    The opinion of the Court was delivered by

Mr. Justice Gary. This appeal is from an order referring certain issues to the master.

The complaint alleges that plaintiffs, under the powers conferred by their charter, acquired a right of way through the lands of Bidsy McKittrick, near the corporate limits of the town of Greer, consisting of a strip of land extending one hundred feet on each side of the railway track.

"That on or about the . . . . . day of . . . . . . . . . . . . . 1904, the defendant, against the protest of the plaintiffs herein, and without their knowledge or consent, entered upon the strip of land hereinbefore described, upon which Bidsy McKittrick formerly lived, and partly within the town of Greer, a station upon the railroad track of the plaintiffs herein, and commenced to build and construct, and continues or threatens to continue to construct, and to occupy and use certain dwelling-houses within the limits of the said strip of land hereinbefore described, intending the same to be permanent structures thereon, claiming the right to occupy, enter upon and use said lands for the purpose of building, constructing and occupying said dwelling-houses.

"That the plaintiffs have given notice to the defendant, forbidding him to enter upon the said strip of land to build and construct said dwelling-houses thereon, but that the defendant has treated the notice with defiance, and claims

that he is entitled to enter upon said land, and to build said houses thereon, and to occupy and use the same as his own.

"That the said dwelling-houses are permanent structures, and their continuance upon the said strip of land is a continual trespass upon the rights and property of the plaintiffs herein, who are in possession of the same."

The prayer of the complaint was for an injunction and $100.00 damages for the alleged trespass.

The defendant set up the following defenses:

*First:* That the plaintiffs are estopped, by reason of their acquiescence in the claim of Bidsy McKittrick and her grantees to fifty feet of the land now claimed by the plaintiffs as a right of way.

*Second:* Adverse possession in the defendant and those under whom it claims for more than twenty years.

*Third:* That the defendant is a purchaser for value without notice. That believing it was the owner in fee, it constructed dwelling-houses on said lot, at considerable expense, which enhanced the value of the property to the extent of $3,000, and sets up the same as betterments.

*Fourth:* That the deed executed by Bidsy McKittrick to the railway company in 1871, purporting to grant a right of way extending one hundred feet on each side of the track, was only intended to give fifty feet on each side. That the deed is void for fraud, and should be reformed so as to carry out the intention of the parties.

His Honor, the presiding judge, granted an order referring the issues raised by the first, third and fourth defenses to the master, and the appeal is from that order.

The appellant's exceptions are as follows:

1. "It is submitted that this action is a legal one, and that the defense of estoppel is legal in its character, and it was error to hold that said defense was equitable, and to refer the same to the master to take testimony thereon.

2. "It is further submitted that the defense that the defendant is an innocent purchaser for value without notice, interposed as it is to a legal action, is legal in its character,

and it was error to hold that the same was equitable, and to order that it be referred to the master to take testimony thereon.

3. "It is submitted that the defense was entitled to have a jury pass upon the question presented by the defense of estoppel and the defense of purchaser for value without notice, and that it was error to refer them to the master for the taking of testimony.

4. "It is submitted that the defense of mistake and misrepresentation set up in the fourth defense of the answer, being interposed to a legal action, is legal in its character, and that the defendant was entitled to have a jury pass thereon, and that it was error to refer to the master the question as to whether the deed should be reformed."

The exceptions are predicated upon the theory that the cause of action set forth in the complaint is legal in its nature. We can not accept this construction.

An action for injunction is always equitable, and when the Court, in the exercise of its chancery powers, undertakes to administer such relief, it has jurisdiction to award compensatory damages when there has been a trespass. *Bird* v. *R. R.*, 8 Rich. Eq., 46; *McClellan* v. *Taylor*, 54 S. C., 430, 32 S. E., 527.

The next question that will be considered is, whether there was error in refusing the appellant a trial by jury upon the question of estoppel.

In the first place, the defense based upon estoppel is equitable in its nature. *Quattlebaum* v. *Taylor*, 45 S. C., 512, 23 S. E., 617.

And, in the second place, the facts upon which the defense of estoppel rests are so interwoven with the equitable cause of action set out in the complaint that they partake of the nature of that action. *McLaurin* v. *Hodges*, 43 S. C., 187, 20 S. E., 991.

The exception relative to the defense of purchaser for value without notice can not be sustained, as such plea is always equitable, except under the recording acts, but this

is not under the statute.   *Maxwell* v. *Foster,* 67 S. C., 377, 45 S. E., 927; *Armour* v. *Ross,* 75 S. C., 201, 55 S. E., 315.

The last question for determination is, whether there was error in refusing the appellant a trial by jury as to the alleged fraud.

The cases of *Miller* v. *Hughes,* 33 S. C., 561, 12 S. E., 419, and *DuBose* v. *Kell,* 76 S. C., 313, 56 S. E., 968, show that the courts of law and equity have concurrent jurisdiction of fraud.   The exception raising this question must, also, be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.