16039

KNIGHT *ET AL.* v. STROUD *ET AL.*
(46 S. E. (2d) 169)

*Mr. George K. Laney,* of Chesterfield, for Appellants,

*Messrs. James E. Leppard* and *Wm. P. Gulledge,* of Chesterfield, for Respondents,

February 4, 1948.

BAKER, Chief Justice: This is an action at law for recovery of possession of real estate claimed by respondents as Executor and Executrix, respectively, of the last will and testament of W. S. Huggins, who they allege was, at the time of his death, seized and possessed of the lands described, it being further alleged that by the terms of the will they were directed to sell the land and distribute the proceeds in accord with instructions therein contained. The appellants, it is alleged, after the death of W. S. Huggins, entered upon the premises, and have unlawfully withheld possession thereof.

Appellants answered denying the material allegations of the complaint, alleging that 60 acres of the tract of land described was by the testator given to the appellant, Nealie Stroud, the daughter of the said W. S. Huggins, by parol gift, it being alleged that W. S. Huggins moved her upon the place, put her in possession of it, and that she, with her family, has lived there ever since and has made valuable improvements thereon.

The action was docketed on Calendar No. 1, and called for trial before Honorable J. Woodrow Lewis, Judge of the Fourth Circuit, while holding a special term of the Common Pleas Court for Chesterfield County, commencing June 30, 1947, whereupon the attorney for respondents (plaintiffs below) moved that the issue as to parol gift, raised by the answer, be transferred to the Court of Equity. The learned trial Judge ordered that the equitable issue of parol gift of real estate set forth in the answer be referred to the Master for Chesterfield County to take and report the testimony, with leave to report upon any special mat-

ter. The appellants (defendants below) have appealed from said order, and the substantial issue raised is the right of the Circuit Judge to order a compulsory reference of the issue of parol gift. An unusual feature of this appeal is that the respondents, having brought an action at law for recovery of possession of the real estate involved, were the moving parties in having the matter referred to the Master, and the appellants, who had raised the issue of the parol gift, the objecting parties thereto.

The appellants take the position that the question as to what constitutes a gift is a question of law, and on the facts in a particular case it involves a mixed question of law and fact; and that it is the province of the jury to determine whether there was a clear intention to make a gift, and whether that intention was carried into effect by such delivery as would have made a completed gift. From that it is argued that the Circuit Judge was in error in referring the issue as to parol gift to the Master to take and report the testimony.

It is observed that it is only alleged in the answer that W. S. Huggins gave his daughter, the appellant, Nealie Stroud, by parol, 60 acres of the tract of land described in the complaint, and that, having moved her there and put her in possession, and she having made valuable, substantial, permanent and beneficial improvements to the same, and paid taxes in reliance upon the parol gift, she should be declared to be the owner thereof. It is not alleged that she continued in possession of the tract of land for the statutory or any other particular period of time, or that her possession was hostile or adverse. If a parol gift is relied upon, together with adverse possession for the statutory period, as the foundation of a claim of title, it is a legal issue triable by jury. The case of *Lyles v. Fellers,* 138 S. C. 31, 136 S. E. 13, is such a case. If, however, a party relies upon a parol gift, possession thereunder, and the making of permanent and valuable improvements with knowledge of the donor, it is a purely equitable defense in the na-

ture of an equitable estoppel, and should be referred or tried by the court as an equitable issue. 28 C. J. § 56; 38 C. J. S., Gifts, § 57; 24 Am. Jur., Gifts, section 68. It is clear that the defense in this action is an equitable one, and the Circuit Judge committed no error in referring the issue. The principles laid down by this Court in *White v. McKnight et al.*, 146 S. C. 59, 143 S. E. 552, 59 A. L. R. 1297, and the cases therein cited, are apposite.

In this connection the learned discussion by Mr. Justice (later Chief Justice) Blease in *Fidelity Fire Ins. Co. v. Windham et al.*, 134 S. C. 373, 133 S. E. 35, as to the disposition of equitable issues in legal actions, under the Code, is enlightening.

All exceptions are overruled.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.