19932

Willie C. LOVELL, Respondent, v. C. A. TIMBES, INC., and Fireman's Fund Insurance Company, Appellants

(210 S. E. (2d) 610)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellants,*

*Messrs. Suggs, McCutcheon & Ray,* of Conway, *for Respondent,*

December 17, 1974.

NESS, Acting Associate Justice:

This is a workmen's compensation case and involves the question of whether or not the defendant-appellant is estopped from invoking the provisions of Section 72-303 of the 1962 Code of Laws of South Carolina.

The claimant, Willie C. Lovell, sustained an injury on June 23, 1971, while in the employment of the appellant, but he did not file claim with the South Carolina Industrial Commission for compensation under the Workmen's Compensation Act until November 30, 1972, more than one year after the accident.

The defendant-appellant denied liability upon the basis that claimant was barred to file for compensation by his failure to file his claim with the South Carolina Industrial Commission within the time prescribed by statute, which provides, ". . . shall be forever barred unless a claim is filed with the Commission within one year after the accident."

The Hearing Commissioner held that there was no estoppel, but the majority of the Full Commission reversed, finding that appellant had waived or was estopped to assert the defense of the one year statute of limitations, the Circuit Court affirmed the decision and findings of the Full Commission.

The claimant, a driver-salesman, suffered a back injury while allegedly lifting boxes for his employer, for whom he had worked for twenty-five years prior to date of accident.

The facts largely undisputed, will be given in chronological order:

*June 23, 1971:* Injury occurred.

*June 23, 1971:* Employee informed employer about injury.

*June 24, 1971:* Employee's wife, sister of President of Company for whom employee worked, told the firm's President that employee would not be to work due to injury.

*June 28, 1971:* Employee operated on spine in Charleston Hospital where he remained twelve to thirteen days. Never returned to work.

*September 27, 1971:* C. A. Timbes, Sr., President of Company was killed in auto accident.

*May, 1972:* (Exact date uncertain) Lovell, claimant talked to C. A. Timbes, Jr., now President of appellant corporation, who was at this time in charge of the firm; Timbes stated he was unaware of the procedures for filing a claim with the Industrial Commission, as his father had always attended to this, and told Lovell to see their insurance agent and get forms, which Timbes would fill out.

*May, 1972:* (Exact date uncertain) Lovell, claimant talks to Thompson, the insurance agent, about the matter and gets some forms. (Which were forms for employer's first report).

*May 19, 1972:* Employer's first report-of-accident form filed with Commission. (Forms which Lovell had obtained from insurance agent).

*June 6, 1972:* Partridge, an independent adjuster acting for the insurer, came to see Lovell, examined him, and took his statement.

*June 16, 1972:* Lovell called Partridge and the latter expressed surprise that claimant had not heard from the insurer; promised to be in touch within several weeks, but never called back.

*June 23, 1972:* Limitation period ended.

*July 19, 1972:* Lovell received letter from insurer summarily denying claim, this was the first denial.

*August 14, 1972:* Lovell's counsel informs Commission that a Form 50 claim will be filed.

*November 30, 1972:* Form 50 claim filed.

The sole question at issue is whether there was any competent evidence to sustain the finding of fact by the majority of the Industrial Commission, concurred in by the Circuit Judge, relative to claimant's plea of estoppel. For, under well settled principles, if there was any competent evidence to support this factual finding, such is binding on this Court on appeal.

There is no controversy as to the applicable legal principles. We held in the case of *Clements v. Greenville County,* 246 S. C. 20, 23, 142 S. E. (2d) 212, 213, "The rule is now firmly established that Section 72-303 is a statute of limitation and that compliance with its provisions may be waived by the employer or its insurance carrier or they may become estopped by their conduct from asserting the statute as a defense. The claim here is that the employer and carrier were estopped under the circumstances from asserting as a defense the failure of the claimant to timely file his claim. We have held that estoppel in such cases will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the claimant was misled or deceived, whether intentionally or not, to believe that the claim is compensable and will be taken care of without its being filed with the Commission within the period limited."

Also we held in *Chapman v. Foremost Dairies,* 249 S. C. 438, 451, 154 S. E. (2d) 845, that the purpose of section 72-303 of the Code is to protect employers and their insurance carriers against long delayed demands and that since this provision is not jurisdictional that such section should be given a liberal construction.

The facts of this case involves unusual circumstances in that the parties were related, claimant had worked at same employment for twenty-five years, had never before filed a claim, in fact only three claims had ever been filed by employer with the Industrial Commission. C. A. Timbes, Sr., died within three months of accident; C. A. Timbes, Jr., was not familiar with the business and did not know what his father had done in regard to filing the claim. It was during his busy season of the year, a great deal of responsibility was placed upon young Timbes, due to his father's accidental death, the agent gave the claimant forms to file and the adjuster discussed the same with the claimant, all within the year, but failed to deny the claim, *for the first time,* until approximately one month after the expiration of the statutory period.

It is easy to perceive how the ordinary employee may have been confused and misled. We do not mean to imply that there was any obligation resting upon the employer to provide assistance for the filing of the claim. We recognize the fact that the claimant may not have been aware of the requirement as to filing within one year furnishes no legal excuse for not filing his claim, as he is constructively charged with such knowledge, but his inexperience in these matters and limited education and long period of employment without ever filing a claim, are facts which could be properly taken into consideration in determining whether or not he was actually misled by the conduct and acts of the employer.

In order to constitute estoppel it is not necessary to establish deception, fraud, bad faith or an intent to deceive to create such, it is sufficient if the employer made misrepresentations which misled the claimant, who acting upon them in god faith, failed to commence his action within the statutory period. As was stated in 51 Am. Jur. (2d), Limitation of Actions, Section 434, "It is a question of fact for the jury whether the acts, representa-

tions, . . . lulled the plaintiff into a sense of security, preventing him from filing suit before the running of the statute." Here the Industrial Commission was the jury and we find in the record competent evidence to sustain their findings of fact. *Skipper v. Marlowe Manufacturing Company,* 242 S. C. 486, 131 S. E. (2d) 524; *Duncan v. Gaffney Manufacturing Company,* 214 S. C. 502, 510, 53 S. E. (2d) 396; Larson's Workmen's Compensation Law, Section 78.43 (d).

The appellant relies primarily on the cases of *Hucks v. Green's Fuel of South Carolina,* 247 S. C. 457, 148 S. E. (2d) 149 and *Case v. Hermitage Cotton Mills,* 236 S. C. 285, 113 S. E. (2d) 794, both of which are clearly distinguishable. In the *Hucks* case the appellant consistently denied that the injury sustained was compensable whereas in the instant case the first denial of liability was made on July 19, 1972, a month after the year had passed. The *Case* decision was decided on the basis of the physician's conduct which is not related to the instant case.

Under the foregoing uncontroverted testimony, we think that the only reasonable inference to be drawn is that the claimant was led to believe that his claim would be taken care of by his employer directly or indirectly via his employer's insurance carrier. In any event less than a month after the first denial of the claim, the Commission was advised by letter that a claim would be filed, and one was filed three months later.

We held in *Green v. Raybestos-Manhattan, Inc.,* 250 S. C. 58, 61, 156 S. E. (2d) 318, that whether the employer should be estopped to assert the defense here invoked was purely a factual question for the Commission to determine.

Under such circumstances the appellants were estopped to assert the one year statute of limitations as a defense, and the Circuit Court properly remanded the case to the

South Carolina Industrial Commission for a decision of the claim upon its merits.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.