488 S.E.2d 332

Dorothy GAYMON, Respondent,

v.

RICHLAND MEMORIAL HOSPITAL, Appellant.

Katherine THOMAS, Respondent,

v.

RICHLAND MEMORIAL HOSPITAL, Appellant.

No. 24648.

Supreme Court of South Carolina.

Heard May 20, 1997.
Decided July 21, 1997.

Charles E. Carpenter, Jr., George C. Beighley, and Deborah Harrison Sheffield, all of Richardson, Plowden, Carpenter & Robinson, P.A., Columbia, for appellant.

Eugene C. Fulton, Jr., of Bell & Moore, Sumter; and E.W. Cromartie, III, and Susan G. Williams, Columbia, for respondents.

MOORE, Justice:

This appeal involves the sole issue whether a claim of equitable estoppel raised as a defense in an action at law should be tried by the jury or the court. The trial judge ruled respondents were entitled to a jury trial on this claim. We reverse.

## FACTS

Respondents commenced these slip and fall cases against appellant (Hospital). Hospital asserted the statute of limitations as an affirmative defense in each action and moved for summary judgment on this ground. The trial judge denied summary judgment finding respondents had raised issues of fact regarding whether Hospital was equitably estopped from asserting the statute of limitations. Hospital then moved to have the equitable estoppel issue tried separately by the court in equity. The trial judge ruled instead that the equitable estoppel issue would be tried separately by a jury. Hospital appeals.

## DISCUSSION

In ruling the equitable estoppel issue should be tried by a jury, the trial judge relied on cases stating that the issue whether a defendant's conduct prevented the plaintiff from filing suit is "a question of fact for the jury." *See, e.g., Vines v. Self Mem. Hosp.*, 314 S.C. 305, 443 S.E.2d 909, 911 (1994) ("Generally, the issue of whether estoppel bars a defendant from claiming the statute of limitations is a jury question."); *Lovell v. C.A. Timbes, Inc.*, 263 S.C. 384, 210 S.E.2d 610, 612 (1974) ("It is a question of fact for the jury whether the acts [and] representations ... lulled the plaintiff into a sense of security, preventing him from filing the suit before the running of the statute."); *Dillon County School Dist. No. 2 v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E.2d 555, 561 (Ct.App.1985) ( citing *Lovell*, supra ), *overruled on other*

*grounds, Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors,* 319 S.C. 556, 462 S.E.2d 858 (1995).

These cases are not dispositive since they involved no issue whether equitable estoppel should be tried by a jury or by the court in equity. While these cases are correctly cited for the proposition that equitable estoppel may involve a question of fact *for the fact-finder,* it is mere dictum that such a question of fact is for a jury. To the contrary, in *Knight v. Stroud,* 212 S.C. 39, 46 S.E.2d 169 (1948), we specifically held a defense of equitable estoppel interposed in a law case should be tried by the court as an equitable issue. *See also Atlantic and Charlotte Air Line Ry. Co. v. Victor Mfg. Co.,* 79 S.C. 266, 60 S.E. 675 (1908); *Quattlebaum v. Taylor,* 45 S.C. 512, 23 S.E. 617 (1896) (a defense based on estoppel is equitable in nature); *and Floyd v. Floyd,* 306 S.C. 376, 412 S.E.2d 397 (1991) (legal and equitable issues asserted in the same action are triable by a jury and the court respectively). Accordingly, the trial judge's ruling that respondents are entitled to a jury trial on their claim of equitable estoppel is

REVERSED.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.