1027

Gene Gordon BAILEY, Respondent v. Teressa D. BAILEY, Appellant.

(361 S. E. (2d) 348)

Court of Appeals

*Toney J. Lister* of *Lister & Courch,* Spartanburg, *for appellant.*

*Richard Rhodes* of *Burts, Turner, Hammett, Harrison, Rhodes & Thompson,* Spartanburg, *for respondent.*

Heard Sept. 22, 1987.

Decided Oct. 12, 1987.

CURETON, Judge:

In this divorce litigation, Teressa D. Bailey appeals the family's valuation of the marital home, distribution of the marital estate, and an attorney fee award. We affirm.

The parties were married in November 1982 and separated in April 1985. The husband brought into the marriage a home and $4,900.00 in cash. At the time of their marriage, the husband asked the wife to keep the cash because he was being sued and wanted to remove it from his assets. The husband also transferred to the wife a one-half interest in the house.

In his petition for divorce, the husband claims the home is premarital property and not subject to distribution. He also claims the $4,900.00 in cash was separate property which the wife holds in trust and should be returned to him. The wife claims the transfer to her of the one-half interest in the home and the $4,900.00 were both gifts. She also asserts the "clean hands doctrine" should be applied to estop the husband from claiming ownership of these properties. Her estoppel argument is premised on the allegation Bailey intended to defraud his creditors and in prior litigation with his first wife he failed to list the $4,900.00 in cash and the full ownership of the house as assets on his financial declaration.

The wife contests the valuation of the house. The husband testified the house was worth no more than $72,500.00. He based his estimate of value on comparable sales in the area and the fact that the court in his 1982 divorce proceeding found the value of the house to be $62,500.00. His lawyer had the house appraised by Neil Nichols; presumably for more than the husband thought was its value, but he chose not to place the appraisal in evidence. The wife's appraiser valued the house at $79,750.00. During trial, the wife sought to

introduce the Nichols' written appraisal. The trial judge ruled it inadmissible as hearsay. The trial judge did, however, admit the appraisal for the limited purpose of impeaching the husband's testimony that he did not procure the appraisal, but not for the value stated in the appraisal.

The trial judge valued the house at $72,500.00 and ▮▮ found the $10,000.00 increase in value of the house during the marriage should be equally divided.[1] The wife claims this was error because the trial court: (1) should have admitted the Nichols appraisal without limitation; and (2) erred in giving the husband's valuation more weight than he gave the wife's expert valuation. We are not persuaded by the wife's arguments. Clearly, the Nichols appraisal was inadmissible hearsay. Moreover, the wife made no effort to have Mr. Nichols testify regarding his appraisal and cannot now complain of the court's refusal to admit the written appraisal.

The wife's contention the trial court gave too much ▮▮ weight to the husband's estimate of value and not enough to her expert's estimate is also without merit. The weight to be given evidence lies within the province of the fact finder, here the family court. *Corley v. Rowe,* 280 S. C. 338, 312 S. E. (2d) 720 (Ct. App. 1984). An owner is competent as a matter of law to testify to the value of his property. *Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743 (Ct. App. 1984). Therefore, a proper resolution of the valuation issue turns upon the weight to be afforded the testimony of the witnesses. The wife's appraiser did not testify at trial. His estimate of value was dated "as of June 17, 1986," and not the date of separation. Considering the fact that the trial judge was in a better position to weigh the evidence, we defer to his judgment. *See, Vance v. Vance,* 287 S. C. 615, 340 S. E. (2d) 554 (Ct. App. 1986).

Although acknowledging interspousal gifts during ▮ marriage become marital property, the wife argues under the facts of this case the husband should be precluded on equitable grounds from claiming an interest in the half interest in the home he deeded to her and the $4,900.00 cash. In *Cooksey v. Cooksey,* 280 S. C. 347, 312 S. E.

---

[1] The wife does not object to the percentage division.

(2d) 581 (Ct. App. 1984), we held economic misconduct against a third person is not a factor to be considered in determining equitable distribution of marital property. While this court does not condone the husband's falsification of his assets on his financial declaration in his former divorce proceeding, such is a matter for a court to deal with in a proper proceeding. Moreover, it seems to us that the trial court may well have concluded the wife participated in the inequitable conduct. There is evidence she assisted the husband in preparing the financial declaration and held the cash in her safe deposit box for him.

The wife's final argument is her attorney fee award was grossly inadequate. An attorney fee award will not be disturbed on appeal unless the appellant can show an abuse of discretion. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). The trial court made findings in accordance with *Deglman v. Deglman*, 276 S. C. 600, 281 S. E. (2d) 123 (1981) and *Neinow v. Neinow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). In addition to indicating he had taken all of the *Neinow* factors into consideration, the trial court made specific findings regarding the difficulty of the legal services rendered, the time and labor devoted to the case, the beneficial results accomplished, the professional standing of counsel, the customary charge for the services rendered, and the contingency of compensation. Our review of the record shows the wife has failed to demonstrate an abuse of discretion. Her exception is without merit.

Accordingly, the order of the family court is

Affirmed.

SHAW and BELL, JJ., concur.