1085

Mona T. ELLIS, Respondent v. SMITH GRADING AND PAVING, INC.,
Orangeburg Redi-Mix, Inc., and Statewide Contractors, Inc., Defen-
dants, of whom Smith Grading and Paving, Inc. is Appellant. Appeal of
SMITH GRADING AND PAVING, INC.

(366 S. E. (2d) 13)

Court of Appeals

*E. Leroy Nettles, Sr.*, of *Nettles, Floyd, Turbeville*, and *Reddeck*, Lake City, *for appellant.*

*Marty S. McGee*, Orangeburg, *for respondent.*

Submitted Dec. 15, 1987.

Decided Feb. 8, 1988.

CURETON, Judge:

This is an action in equity brought by Mona T. Ellis against Smith Grading and Paving, Inc., Orangeburg Redi-Mix, Inc., and Statewide Contractors, Inc., for an accounting and restitution. The case was referred to the Master-In-Equity to enter a final judgment with direct appeal to the Supreme Court. The Master found Smith had been unjustly enriched in the sum of $24,960.17 and ordered it make restitution to Ellis in that amount. Redi-Mix was granted a directed verdict and Statewide was dismissed as a party. Smith appeals. We reverse.

The facts of this case are basically undisputed. Ellis, a periodontist, was the president and sole stockholder in Statewide from its inception in March 1983 until October 7, 1985. Her boyfriend, Lewis Givens, managed the corporation. Smith was the general contractor on a South Carolina State Highway Department project in Orangeburg County. Statewide was a subcontractor of Smith. Redi-Mix supplied goods and materials to Statewide for use on the project. Smith guaranteed payment to Redi-Mix for the materials furnished. In addition, Smith obtained payment and performance bonds on the project.

Statewide first encountered tax problems in 1984 when the corporation failed to forward to the Internal Revenue Service (IRS) employee withholding taxes. The IRS contacted Ellis and she paid $18,000 in borrowed funds to the IRS in January 1985. When the problem recurred in 1985, Ellis and Givens informed the IRS that Statewide could borrow no more money but the corporation was due money from Smith on the highway project. Ellis and Givens then authorized the IRS to levy upon the monies due Statewide

from Smith. On October 7, 1985, Ellis transferred her stock in Statewide to Givens in return for Givens' promise to pay the taxes and assume other debts of the corporation for which Ellis was personally liable. Givens also agreed to indemnify and hold Ellis harmless from all losses or additional expenses incurred by her as a result of his failure to comply with the agreement.

On October 8, 1985, the IRS gave written notice to Smith that it was levying on all monies owed by Smith to Statewide. Smith notified Ellis it would not pay the money it owed Statewide to the IRS. On October 16, 1985, Ellis advised the IRS that Smith intended to pay suppliers of Statewide with the contract proceeds instead of the IRS. Smith made two payments totaling $23,949.32 to Redi-Mix in March and April 1986.

The IRS held Ellis and Givens personally liable for the employee withholding taxes in the amount of approximately $25,000.00. Ellis paid the IRS $10,000.00 and is paying the balance at the rate of $1,000.00 per month. The IRS also assessed a 100% penalty against Ellis.

Ellis sued Smith, Redi-Mix and Statewide "for an accounting and for restitution arising out of" Smith's payment to Redi-Mix of the monies it owed Statewide after receipt of the levy notice. Smith filed a motion pursuant to S.C.R. Civ. P. 12(b) to dismiss the case on the grounds Ellis lacked standing to sue Smith, Ellis had no contractual relationship with it, and the complaint failed to state a cause of action against it.

The master held the money due from Smith to Statewide was subject to the IRS levy. He found Smith owed Statewide and the IRS a duty to pay the money over to the IRS pursuant to an "assignment" of the contract proceeds to the IRS by Statewide.[1] He reasoned that while there was no privity of contract between Smith and Ellis, she would have been a direct beneficiary of the payment to the IRS. He further found Smith unjustly enriched because it did not

---

[1] We have been unable to clearly determine from the record whether Statewide assigned its contract rights to the IRS. Ellis testified she and Givens authorized the IRS to collect the taxes from the sums due the corporation by Smith.

have to pay both the IRS and Redi-Mix.[2] As best we understand Ellis' theory of recovery, she claims that because Smith failed to pay the IRS pursuant to its tax levy, Smith retains the amount of $24,960.17 or has benefited in that amount. She further claims she is entitled to that sum because if Smith had paid the IRS, she would not have been required to also pay the IRS.

Smith argues on appeal the Master erred in ruling: (1) the complaint stated a cause of action against Smith in quasi-contract; (2) Ellis had standing to bring the suit; and (3) the funds in Smith's hands were subject to the IRS levy.

In an appeal of an equitable action tried before a Master authorized to enter final judgment, this court must review the entire record and make its own findings of fact in accordance with the preponderance of the evidence. *Patterson v. Goldsmith*, 292 S. C. 619, 358 S. E. (2d) 163 (Ct. App. 1987). An action for an accounting is equitable. *Byrd v. King*, 245 S. C. 247, 140 S. E. (2d) 158 (1965). "Restitution is a remedy designed to prevent unjust enrichment." *Stanley Smith and Sons v. Limestone College*, 283 S. C. 430, 434, 322 S. E. (2d) 474, 478 (Ct. App. 1984). Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff. *Barrett v. Miller*, 283 S. C. 262, 264, 321 S. E. (2d) 198, 199 (Ct. App. 1984).

The master concluded Smith owed Ellis an obligation "arising out of quasi-contract, that is, a contract arising out of the 'law of natural immutable justice and equity.'" *See* 66 Am. Jur. (2d) *Restitution and Implied Contracts* Section 2 (1973). The terms "restitution" and "unjust enrichment" are modern designations for the older doctrine of quasi-contracts. *Martin v. Bozeman*, 173 So. (3d) 382 (La. Ct. App. 1965). Unjust enrichment is usually a prerequisite for enforcement of the doctrine of restitution; if there is no basis for unjust enrichment, there is no basis for restitution.

---

[2] Smith had in force a payment bond that Redi-Mix could have recovered against. However, Smith's arrangement with the bonding company would have obligated it to reimburse the bonding company for any sums paid Redi-Mix.

66 Am. Jur. (2d) *Restitution and Implied Contracts* Section 4 (1973).

The essential elements of a quasi-contract are: (1) a ■ benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value. 66 Am. Jur. (2d) *Restitution and Implied Contracts* Section 4 (1973); *Anno.* 62 A. L. R. (3d) 288, 294 (1975). "The law will never impute a promise to pay for a benefit conferred, where it would be unjust to the party to whom it would be imputed and contrary to equity. The law never implies a promise to pay, unless duty creates the obligation to pay; and more especially, it never implies a promise to do an act contrary to duty or contrary to law." 66 Am. Jur. (2d) *Restitution and Implied Contracts* Section 2 (1973).

The Master concluded that although Smith owed no ■ express contractual duty to Ellis to pay the monies in question to the IRS, Ellis would have been a direct beneficiary of payment to the IRS and Smith's failure to pay the IRS "substantially and personally harmed her."[3] He found a quasi-contract between Smith and Ellis that Smith would pay the IRS for Ellis' benefit. While restitution may be based upon the breach of a quasi-contract, we hold it was error for the Master to order restitution in this case for two reasons: (1) Smith was not unjustly enriched by its failure to pay the IRS; and (2) Ellis has conferred no benefit upon Smith for which she may demand restitution.

Ellis argues Smith was unjustly enriched because it avoided having to pay twice for the materials furnished by Redi-Mix. We hold that argument untenable. To the contrary, it appears to us Statewide would be unjustly enriched by Smith paying Statewide's tax liability to the IRS and also its debt for supplies to Redi-Mix. This is especially true since Smith was required to pay all suppliers before it could receive monies on its contract with the Highway Department. It is axiomatic that if Smith's payment to Redi-Mix was not unjust to Statewide, it also was not unjust to Ellis

---

[3] The Master does not base relief to Ellis on the theory that she was subrogated to the rights of IRS.

who pursues her claim only as a beneficiary of a receivable allegedly due to Statewide. Additionally, in order for Ellis to recover, she must show she has conferred a benefit on Smith. 66 Am. Jur. (2d) *Restitution and Implied Contracts* Section 4 (1973). It is not enough for her to show Smith benefited from the breach of a duty to pay the IRS. *Restatement (Second) of Contracts* Section 370 (1979).

Having found Ellis has neither alleged nor proven breach by Smith of a duty giving rise to a quasi-contractual right to restitution, the trial court should have granted Smith's motion to dismiss the complaint. We need not address Smith's other exceptions. The order of the trial court is

Reversed.

SHAW and BELL, JJ., concur.