24001

COLUMBIA WHOLESALE COMPANY, INC., Respondent/Appellant v. SCUDDER MAY N.V., a Netherlands-Antilles Corporation, Appellant/Respondent.

(440 S.E. (2d) 129)

Supreme Court

*W. Duvall Spruill* and *Jeffrey L. Payne*, of *Turner, Padget, Graham & Laney, P.A.*, Columbia, *for appellant/respondent.*

*Glenn V. Ohanesian,* of *McKay, McKay, Henry & Foster, P.A.,* Columbia, *for respondent/appellant.*

Heard Dec. 9, 1993.

Decided Jan. 24, 1994. Reh. Den. Feb. 16, 1994.

MOORE, Justice:

This appeal is from an order allowing quantum meruit recovery. We reverse.

## FACTS

Appellant/respondent Scudder May (Owner) contracted with Evans Roofing Company to do roof repair work on its Dutch Plaza property for a total contract price of $42,000. Owner paid Evans $21,400 to begin. Evans in turn contracted with respondent/appellant Columbia Wholesale Company (Supplier) to supply roofing materials for the project.

Due to Evans's defective workmanship, the repaired roof leaked damaging some of Owner's tenants. Evans admitted liability for the damage and as a remedy authorized Owner to make payments totalling $13,326.32 out of the remaining $20,600 owed to him on his contract with Owner. Evans subsequently failed to pay Supplier. Pursuant to S.C. Code Ann. § 29-5-20 (1991), Supplier filed a mechanic's lien against Owner's property for $7,650, the amount owed on its invoice with Evans.

Meanwhile, another supplier for the project, Roofers Mart, also filed a mechanic's lien. Owner took the remaining balance on its contract with Evans ($7,273.68) and pro rated it between Supplier and Roofers Mart. Supplier was paid $3,998.25, leaving an unpaid balance of $3,651.75.

Supplier commenced an action to foreclose on its mechanic's lien shortly thereafter. Subsequently, however, Supplier amended its complaint to seek recovery from Owner on a theory of quantum meruit and withdrew the action to foreclose on its mechanic's lien. The trial judge awarded Supplier $3,651.75 under quantum meruit plus interest at $8\frac{3}{4}\%$ since the date of filing of the mechanic's lien.

## ISSUE

Whether quantum meruit recovery was properly allowed.

## DISCUSSION

The trial court found Owner was unjustly enriched because it assured Supplier of payment in full and it used money escrowed for Supplier to pay off other liabilities. The trial court concluded Supplier was entitled to recovery under a theory of quantum meruit.

This Court has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment. *See Player v. Chandler*, 299 S.C. 101, 382 S.E. (2d) 891 (1989). Absent an express contract, recovery under quantum meruit is based on quasi-contract, the elements of which are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value. *Webb v. First Federal Savings and Loan Ass'n.*, 300 S.C. 507, 388 S.E. (2d) 823 (Ct. App. 1989); *Ellis v. Smith Grading and Paving, Inc.*, 294 S.C. 470, 366 S.E. (2d) 12 (Ct. App. 1988).

Courts addressing the issue whether a subcontractor can recover against an owner in quantum meruit focus on whether the enrichment to the owner is *unjust. See generally Annot.*, 62 A.L.R. (3d) 288 (1975). Owner contends there is no unjust enrichment because (1) Owner gave no assurance it would pay Supplier for the materials; (2) Owner paid Evans on its contract; and (3) Supplier failed to pursue its mechanic's lien.

Clarence Bellamy, Supplier's comptroller, testified he contacted Owner's agent, Cameron Howell, prior to shipping the roofing materials: "What I wanted was assurance of payment. [Howell] assured me that that money was escrowed and they would be able to settle it on completion." He stated: "I had investigated and found that there would be a lien waiver signed [by Evans] and there was money escrowed *for that repair.*" Howell, on the other hand, testified: "I had not entered into any agreement with [Supplier] to pay them any amounts. My only agreement was with Evans Roofing." Howell did not deny that he spoke with Bellamy, however. He admitted: "[Bellamy] asked me point blank if we were going to employ Evans Roofing to do the work, and I did verify that information, yes. I did tell him that there was sufficient money on hand *to pay for the work.* And that was the case."

In our view of the preponderance of the evidence,[1] Bellamy's testimony establishes that Owner assured Supplier it had the funds to pay on the contract with Evans. An important omission from Bellamy's testimony, however, is whether Howell assured Supplier it would be paid *in full*, especially in light of Owner's right to limited liability under the mechanic's lien statutes.[2]

Frank Bennett, a purchaser for Supplier, testified he spoke with Howell *after* Owner had paid out the $13,000 in claims to its tenants on Evans's behalf. He stated Howell assured him there were "funds available" at that time to pay Supplier in full. This assurance was given *before* Owner knew Roofer's Mart also had a mechanic's lien against its property. Bennett's testimony does little to establish an unjust enrichment since Owner was obligated under S.C. Code Ann. § 29-5-60 (1991)[3] to pro rate payments on all mechanic's liens filed against the property and could not give Supplier priority over Roofer's Mart once Owner was apprised of its lien.

On the issue whether Owner paid the contract amount, the crucial inquiry is whether Owner's payment for damages to its tenants caused by roof leakage was in fulfillment of its own obligation or that of Evans. We find the preponderance of the evidence indicates payment of the $13,000 in damages was the equivalent of a payment to Evans since Evans was liable for that amount and he directed the payment be used to satisfy that obligation.

Courts addressing a claim of unjust enrichment by a subcontractor against a property owner have typically denied recovery where the owner in fact paid on its contract with the general contractor. *See, e.g., Cohen v. Delmar Drive-in Theatre, Inc.,* 46 Del. 427, 84 A. (2d) 597 (1951); *Guldberg v.*

---

[1] In an equity action tried by a judge without a reference, this Court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Townes Assoc. Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976). Since the action at hand is not an action on a contract but an action seeking recovery under the equitable doctrine of quantum meruit, this scope of review applies. *Ellis, supra.*

[2] S.C. Code Ann. § 29-5-40 (1991) limits the aggregate amount of subcontractor/materialmen mechanic's liens to the amount of the owner's contract with the general contractor.

[3] This statute was subsequently amended effective May 15, 1992.

*Greenfield*, 259 Iowa 873, 146 N.W. (2d) 298 (1966); *Crockett v. Brady*, 455 S.W. (2d) 807 (Tex. Civ. App. 1970); *cf. Costanzo v. Stewart*, 9 Ariz. App. 430, 453 P. (2d) 526 (1969) (recovery allowed for unjust enrichment where owner assured subcontractor money was escrowed to pay for job and owner did not pay general contractor).

Finally, Supplier abandoned its mechanic's lien in favor of pursuing this action in quantum meruit. Some courts addressing quasi-contractual claims have held a subcontractor's failure to pursue the statutory remedy of a mechanic's lien precludes a finding the enrichment is unjust. *See, e.g., Lynn v. Miller Lumber Co.*, 146 Ga. App. 230, 246 S.E. (2d) 137 (1978); *Pay-N-Taket, Inc. v. Crooks*, 259 Iowa 719, 145 N.W. (2d) 621 (1966); *Crockett v. Brady, supra.* Other courts have allowed recovery in quantum meruit even where a mechanic's lien was not pursued. *See, e.g., United States v. Insurance Co. of North America*, 695 F. (2d) 455 (10th Cir. 1982) (applying New Mexico law); *G & G Langenbrunner, Inc. v. Davis Constr. Co.*, 21 Ohio Misc. (2d) 11, 488 N.E. (2d) 506 (1984).

In this case, the fact that Owner paid the total contract price and paid Supplier the amount Supplier would have recovered under its mechanic's lien tends to show there was no unjust enrichment. Failure to pursue a mechanic's lien, however, will not bar an action for quantum meruit recovery as a matter of law if a plaintiff can otherwise prove circumstances establishing unjust enrichment. *Accord Gee v. Eberle*, 279 Pa. Super. 101, 420 A. (2d) 1050 (1980); *Costanzo v. Stewart, supra* (failure to file mechanic's lien no bar to recovery for unjust enrichment where owner paid no one).

We find the preponderance of the evidence indicates no unjust enrichment in this case and conclude quantum meruit recovery was improperly allowed. This disposition renders moot Supplier's appeal on the issues of interest and attorney's fees.

Reversed.

CHANDLER, C.J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.