In this appeal, we must decide whether the circuit court erred in determining an award of quantum meruit damages on the basis

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mark Kosich, Respondent,
v.
Decker Industries, Inc., Appellant.
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-149
Submitted January 1, 2005  Filed March 3, 2005

REVERSED AND REMANDED

 
 
 
Brian S. McCoy, of Rock Hill, for Appellant.
Lucy London McDow, of Rock Hill, for Respondent.
 
 
 

PER CURIAM: Respondent Mark Kosich brought this action against Appellant Decker Industries, claiming Decker failed to adequately compensate him for services performed as a sales representative on behalf of the company.  The special circuit judge agreed and awarded Kosich recovery in the amount he would have likely received as commission under contract for his services.  Decker appeals, arguing the special circuit judge erred by awarding legal damages in an equitable action seeking quantum meruit recovery.  We agree and reverse and remand for a determination of Kosichs recovery under the proper standard for an action in equity.
FACTS/PROCEDURAL HISTORY
The parties in this case both work in the niche market of bulk materials handling systems.  As best we can determine from the limited record before us, these handling systems include the various machines and equipment used for the conveyance and storage goods and raw materials in large-scale factories and plants.  At the time this action arose, Respondent Mark Kosich marketed and sold these bulk materials handling systems on behalf of various companies that designed and built the systems.  
One such company, Appellant Decker Industries, enlisted the aid of Kosich in marketing their custom designed and built handling systems to companies in the process of building new factories.  They entered into an agreement under which Kosich would find these sales opportunities for Decker in exchange for some type of compensation.  This agreement, however, was never fleshed out in any specific detail and never memorialized in writing.  Any promises or assurances made to Kosich regarding compensation were apparently couched in the vaguest of termssuch as that Deckers president told Kosich that he would take care of him with regard to payment for his work. 
Under this loose understanding, Kosich went to work looking for sales opportunities for Decker.  About one month later, Kosich learned of a project of Owens-Corning to construct a plant in Chester, South Carolina, to manufacture synthetic marble.  Kosich marketed Deckers handling systems to Owens-Corning, helping Decker secure a contract for the project.  Decker ultimately supplied the bulk handling systems for the Owens-Corning project and was paid in excess of $4 million for the job.  Despite the large size of the contract, Decker paid Kosich only $5,000 as a finders fee.  Decker, however, claimed that it would have compensated Kosich more generously if the project had ultimately turned a profit for Decker. 
Kosich subsequently brought this action against Decker asserting claims for breach of contract and unjust enrichment.[1]  The matter was referred to a master-in-equity sitting as a special circuit court judge.  Following a bench trial, the trial court found as a matter of law that no contract existed between Kosich and Decker.  The court, however, did find that Kosich was entitled to recovery under the equitable doctrine of quantum meruit (unjust enrichment).  With regard to the appropriate amount of recovery, the court determined that Kosich should be compensated based upon the amount he would typically earn as a commission for his services:

There being no agreement as to the amount of the commission, or as to a percentage upon which to calculate it, the Court finds that Plaintiff is entitled to a reasonable commission under all of the circumstances of this case.  The record in this case indicates that there is no set industry standard for commissions.  The testimony establishes that commissions range from 1/2% to 20% of the contract price of the equipment sold.  Typically, the larger the sale, the lower the commission percentage.  

The court determined that, under the circumstances of this case, Kosich was entitled to a commission under the doctrine of quantum meruit, or implied contract, in  the total amount of  $96,253.21three percent of the total payments received by Decker for the equipment supplied for the Owens-Corning project.  This appeal followed.
LAW/ANALYSIS
In the present appeal, Decker does not dispute the trial courts finding that Kosich is entitled to recovery under the equitable theory of quantum meruit.  Decker instead takes exception to the manner in which the trial court calculated the amount of recoveryspecifically arguing that the court applied a legal rather than equitable standard for determining the appropriate recovery.  We agree.
In an action at law, the measure of damages is determined by the parties agreement, the goal being to put the non-breaching party in as good a position as he would have been had the contract been performed.  In equity, however, the measure of the recovery is the extent of the duty or obligation imposed by law, and is expressed by the amount which the court considers the defendant has been unjustly enriched at the expense of the plaintiff. Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 8, 532 S.E.2d 868, 872 (2000) (quoting United States Rubber Prods., Inc. v. Town of Batesburg, 183 S.C. 49, 55, 190 S.E. 120, 126 (1937)). 
Quantum meruit is an equitable remedy allowing recovery for unjust enrichment. Columbia Wholesale Co., Inc. v. Scudder May N.V.,  312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994).  Absent the existence of an express contract, recovery under quantum meruit is based on quasi-contract, the elements of which are: (1) a benefit is conferred upon the defendant by the plaintiff; (2) the defendant realizes a benefit; and (3) it would be unjust for the defendant to retain the benefit without paying its value.  Id.; Myrtle Beach Hosp. at 8-9, 532 S.E.2d at 872.  Accordingly, the amount of recovery under quantum meruit must be determined solely by reference to the value of the benefit unjustly retained by the defendant, not the amount the plaintiff would have received had he realized the full benefit of the bargain under the terms of a contract. See Stringer Oil Co., Inc. v. Bobo, 320 S.C. 369, 373, 465 S.E.2d 366, 369 (Ct. App. 1995) (citing several cases in support of the proposition that the reasonable value which plaintiff may recover in quantum meruit is not the value of labor but the value of the benefit resulting therefrom).
In the present case, the trial courts determination that Kosich was entitled to recovery in the form of a three percent commission veers from these equitable principles.  By fixing the amount of recovery as a commission earned by Kosich, the award necessarily becomes a function of what Kosich would have received had a contract been entered into and fully performed, rather than a determination based strictly on the value of the benefit actually conferred upon Decker.  This analysis, therefore, crosses the line from an equitable remedy to a legal remedy.
To be sure, we recognize the challenge of fashioning an appropriate remedy in this case.  Determining the value of the benefit to Decker of Kosichs marketing services in such a highly specialized industry without relying upon the bargained-for contractual terms that normally govern these relationships will be a difficult job.  Nevertheless, this is the inquiry required under the principles governing quantum meruit recovery.
CONCLUSION
For these reasons, we conclude the trial court applied an incorrect standard in determining Kosichs recovery under quantum meruit.  We therefore reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HUFF, KITTREDGE and BEATTY, JJ., concur.

[1] A cause of action for promissory estoppel was also asserted.  The court, however, found that claim was inapplicable to the facts of this case.    This ruling was not appealed.