FACTS

THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Cromer Food Services,
 Inc.,        Appellant,
 
 
 

v.

 
 
 
 Compact Air Products,
 Inc.,        Respondent.
 
 
 

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion 2005-UP-403
Heard May 11, 2005  Filed June 24, 2005

AFFIRMED

 
 
 
 Robin Sloan Cromer, of
 Anderson, and Roxy Rae Beagley, both of Clemson, for Appellant.
 David W. Holmes, of
 Greenville, for Respondent.
 
 
 

PER CURIAM:  Cromer Food
Services, Inc., (Cromer) sued Compact Air Products, Inc., (Compact Air) for
breach of contract arising out of a vending services agreement.  Cromer
also alleged causes of action for quantum meruit and promissory estoppel. 
The trial judge, sitting without a jury, directed verdicts on Cromers causes
of action for quantum meruit and promissory estoppel at the close of Cromers
case and later issued an order dismissing Cromers action for breach of
contract.  Cromer appeals.  We affirm.
FACTS
Cromer is a vending services
provider in Anderson, South Carolina, providing food and drink vending services
to other businesses, primarily manufacturing companies.  Compact Air
manufactures pneumatic mechanisms at a plant in Westminster, South
Carolina.  As a benefit to its employees, Compact Air maintains a break
room with vending machines. 
In April 1996, Compact Air
contracted with Atlas Food Systems for vending services.  The contract was
for three years and provided for an automatic renewal unless 60 days prior
written notice was given.  It further provided that if either party failed
to perform under the agreement, the other party could give written notice of the
breach, which, if not corrected within 60 days, would entitle the injured party
to cancel the contract upon an additional 60-day notice.  On April 15,
1999, the contract automatically renewed itself for an additional three-year
term. 
In June 1999, Brent Cromer, Cromers
vice president, approached Compact Air to discuss the possibility that Cromer
would provide vending services at Compact Airs facility.  On July 26,
1999, Cromer and Compact Air signed an agreement under which Cromer would
provide vending services to Compact Air beginning October 1, 1999. 
Cromer drafted a document, which
Cromer and Compact Air later signed, and styled it as a proposal/agreement. 
It listed the type of food and drinks to be stocked, specified when the machines
would be serviced and restocked, and required that Cromer pay weekly commissions
to Compact Air of at least ten per cent.[1] 
The agreement also contained the
following language: 
RESERVATIONS

 Cromer Food Services, Inc.
 expressly reserves the right to refuse any offer on the part of Compact Air
 unless the aforementioned proposal is accepted in its entirety, with no other
 vending machines of a similar description being permitted on the premises of Compact
 Air as to be in competition with the machines of Cromer Food Services,
 Inc. 

 (Boldface in
original.)  Compact Air attempted to end its existing arrangement with
Atlas; however, a few days before Cromers scheduled installation, Atlass
president advised Compact Air by letter that Atlas would not agree to the
termination.
On September 30, 1999, the day
before Cromer was to place its machines at Compact Air, Angela Radford, Compact
Airs purchasing agent, called Brent Cromer requesting that Cromer delay the
installation.  She also assured him that they would get it worked out
so that Cromer could install its machines.  Cromer agreed to wait for the
new installation date and kept its equipment warehoused in anticipation of that
occasion.  In January 2000, however, Compact Airs plant manager informed
Cromer that Compact Air had elected to stay with Atlas. 
Cromer subsequently filed suit
against Compact Air alleging causes of action for breach of contract, quantum
meruit, and promissory estoppel.  The trial judge found in favor of Compact
Air on all Cromers causes of action.  After Cromer unsuccessfully moved
to alter or amend the judgment, it filed this appeal.
DISCUSSION
1.  The trial judge dismissed
Cromers breach of contract action finding (1) a condition precedent had not
been met, (2) there was no meeting of the minds, and (3) Cromer failed to prove
its damages with reasonable certainty.  On appeal, Cromer challenges all
three findings.  We, however, hold that, notwithstanding Cromers
arguments, the record supports the trial judges determination that Cromer was
not entitled to recover for breach of contract.[2]
In the appealed order, the trial
judge found as follows:  There was no evidence presented to the Court
that Compact Air prohibited Cromer from installing its equipment.  Rather,
it is quite clear that when Compact Air could not terminate its contract with
Atlas and give Cromer exclusive vending rights, Cromer elected not to begin
operations at Compact Air.  There is evidence in the record to support
these findings.  On cross-examination, Brent Cromer admitted he would not
put equipment at the site as long as Atlass machines were there because such
an arrangement would not have been profitable.  Furthermore, when Compact
Air advised Cromer in January 2000 that it decided to honor its contract with
Atlas, Cromer offered only to wait until the Atlas contract had expired
and to take over the vending services after that time.  Cromer never
insisted on placing its machines at Compact Airs facility while Atlass
machines were still on the premises.
Moreover, the agreement at hand did
not give Cromer exclusive vending rights at Compact Airs facility.[3]  The above-quoted clause was
only a reservation of rights under which Cromer could refuse any offer
from Compact Air if Compact Air permitted a competitors vending machines on
its premises.  Cromers decision not to place its machines on Compact Airs
premises in such a situation, then, was nothing more than exercise of its rights
under the reservation clause and did not give rise to an action for
breach. 
2.  Cromer appeals the trial
judges decision to direct a verdict on its cause of action for quantum meruit. 
We find no error.  Contrary to what Cromer argues in its brief, the
evidence at trial supports only a finding that Atlass performance improved
after October 1999; there was no evidence that this improvement would not have
occurred if Compact Air had not entered into the agreement with Cromer.[4]  Furthermore, the allegations
in Cromers pleadings supporting its claim for quantum meruit are virtually
identical to those supporting its claim for breach of contract.[5]
3.  On appeal, Cromer argues it
relied on Compact Airs promise to terminate the existing arrangement with
Atlas so that Cromer could install its machines on October 1, 1999.  It
further contends that, after it was notified of the existing contract between
Compact Air and Atlas, it warehoused its machines with the understanding that
the delay was only temporary.  We reject these arguments.
Although Brent Cromer testified that
vending services providers do not have contracts everywhere they do business, he
acknowledged he knew that Atlas used contracts with some of its customers. 
It further appears undisputed that he was aware when negotiating with Compact
Air that Atlas was its vending services provider.  Moreover, there was
evidence that he was informed of Atlass contract with Compact Air the day
before Cromer was initially to begin installing its machines.  Cromer,
then, was aware of the possibility that Compact Air had a contract with Atlas
and could have easily determined whether or not Compact Air was in a position to
change its vending machine arrangements.  Under these circumstances, we
hold that Cromer could not have reasonably relied on any alleged promises by
Compact Air to terminate its contract with Atlas.[6]  We therefore affirm the directed verdict on
Cromers cause of action for promissory estoppel. 
4.  Because we affirm the
directed verdicts on Cromers claims for quantum meruit and promissory
estoppel and the dismissal of its breach of contract claim, we do not address
the issue of whether Cromer proved its damages with reasonable certainty.[7]
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur.

[1]  In the vending services business, the vendor pays
commissions from its sales at the customers location to the customer.
[2]  See Karl Sitte Plumbing Co. v. Darby Dev. Co. of
Columbia, 295 S.C. 70, 75, 77, 367 S.E.2d 162, 165-66 (Ct. App. 1988)
(stating an action for damages for breach of contract is an action at law;
therefore, the trial judges findings of fact will not be disturbed on appeal
unless found to be without evidence reasonably supporting them).
[3]  In contrast, Compact Airs agreement with Atlas expressly
granted Atlas exclusive rights and privileges to sell food, beverages,
sundries, and related merchandise on all [Compact Airs] premises through
vending machines and related equipment. 
[4]  See Columbia Wholesale Co. v. Scudder May N.V.,
312 S.C. 259, 261, 440 S.E. 2d 129, 130 (1994) (noting that recovery under
quantum meruit requires a benefit conferred on the defendant by the plaintiff).
[5]  See id. (indicating that recovery under
quantum meruit is available [a]bsent an express contract).
[6]  See Satcher v. Satcher, 351 S.C. 477, 483, 570
S.E.2d 535, 538 (Ct. App. 2002) (stating the a claim for promissory estoppel
includes a showing of reasonable reliance upon the promise by the party to
whom the promise was made).
[7]  See Futch v. McAllister Towing of Georgetown, Inc.,
335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need
not review remaining issues when its determination of a prior issue is
dispositive of the appeal).