THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 First Sun Outplacement and
 Personnel Consultants, Inc.,       
 Plaintiffs,
 
 
 

v.

 
 
 
 Debbie Williams and Jim
 Kirk,        Defendants,
 Of whom First Sun
 Outplacement and Personnel Consultants, Inc. is
 the,        Appellant,
 And Debbie Williams is
 the,        Respondent.
 
 
 

Appeal From Richland County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.
2005-UP-415
Submitted June 1, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 Gregory G. Williams and
 Larry E. Judice, both of Columbia, for Appellant.
 W. Tracy Brown, of Charleston,
 for Respondent.
 
 
 

PER CURIAM:  First Sun
Outplacement and Personnel Consultants, Inc. appeals the decision of the circuit
court finding First Sun owed Debbie Williams compensation for work she performed
during or after her disassociation with [First Sun].  First Sun
contends any compensation would violate public policy as their contract for
services was unlawful.  We affirm.[1]
FACTS
In 1991, First Sun began providing
personnel placement services throughout South
Carolina and in several cities in neighboring states.  First Sun assisted
employers with termination procedures and also offered transitional career
services for individuals who had been laid off and were seeking
employment.  The services included preparing resumes and helping clients
learn how to search for positions, to approach potential employers, and to
improve their interviewing skills. 
In 1995, Williams signed an
agreement with First Sun to become a licensee of the company.  Under the
contract, Williams was to be compensated at the rate of 80% of the gross income
she generated.  She also was to receive 1% equity ownership for each
$100,000 of adjusted gross business generated up to 5% ($500,000).  The
contract contained a covenant not to compete, in which Williams agreed she would
not engage in professional outplacement . . . throughout the State of South
Carolina or any other markets served by First Sun for two years in the event
she terminated their agreement.   
During her tenure, Williams learned
First Sun was operating without a business license as required by the South
Carolina Private Personnel Placement Services Act, S.C. Code Ann. §§ 41-25-10
to 110 (1986 & Supp. 2004), and she advised First Sun of the need to
obtain a license.  The Act requires businesses providing private personnel
placement services to be licensed.  S.C. Code Ann. § 41-25-30(A) (Supp.
2004) (No person or firm may engage in the private personnel placement
service business in South Carolina unless the person or firm has a current
license for the business as provided in this chapter.).  
In 2002, Williams left First Sun and
opened a competing company offering similar services after First Sun refused to
give her the equity shares she alleged she was entitled to under the parties
contract.  After Williams left First Sun, clients paid invoices to First
Sun that would have resulted in commissions being paid to Williams.  In
addition, First Sun asked Williams to continue working on certain assignments
that she had begun but not completed at the time of her resignation.  The
parties agreed Williams would be paid for those services; however, First Sun
never paid Williams for that work.
First Sun brought this action in
2003 alleging Williams was in violation of the parties covenant not to
compete and asserting causes of action for breach of contract, tortious
interference with current and prospective contractual relationships, and
misappropriation of trade secrets.  First Sun also sought to enjoin
Williams from further violation of the non-compete clause.[2]  Williams answered, denying the allegations,
and filed counterclaims for quantum meruit and breach of
contract.   
The circuit court bifurcated the
issues of liability and damages, with the parties agreeing to have the issue of
liability decided upon stipulated facts.  The circuit court adopted the
stipulated facts and found First Sun operated unlawfully in violation of the
South Carolina Private Personnel Placement Services Act by failing to obtain a
license.  The court found the parties contract and the covenant not to
compete were, therefore, void as violative of statutory law and public policy.[3]  As for Williamss
counterclaims, the court found Williams was entitled to any sums due her for
work done for [First Sun] during or after her disassociation with [First Sun].   
First Sun filed a motion to alter or
amend the judgment pursuant to Rule 59(e), SCRCP, in which it asked the court
to reconsider its ruling that [Williams] is entitled to recover under her
Counterclaim, in light of the Courts ruling that the Covenant is not
enforceable.  The court denied the motion, and this appeal
followed. 
LAW/ANALYSIS
First Sun argues the circuit court
erred in finding Williams is entitled to compensation for the work she performed
after her severance from the company.  First Sun maintains any work
Williams performed was unlawful and should not be compensable since the company
was not licensed. 
First Sun asserts the circuit court
must have based its theory of recovery in equity because the court found the
parties original contract was void as unlawful since First Sun was not
licensed.  First Sun contends any new, supplemental contract for the
services Williamss performed after her resignation would, therefore,
necessarily be void for the same reasons.
Assuming the recovery was in equity,
First Sun further asserts that, since the court found the original contract was
void, it could not allow a recovery on an equitable ground because one cannot
recover for an unlawful act either in contract or in equity. 
As noted above, quantum meruit
was one of the two counterclaims asserted by Williams.  [Q]uantum
meruit, quasi-contract, and implied by law contract are equivalent terms
for an equitable remedy.  Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 8, 532 S.E.2d 868,
872 (2000).  The equitable doctrine of quantum meruit allows
an aggrieved party to recover for unjust enrichment.  Columbia Wholesale
Co. v. Scudder May N.V., 312 S.C. 259, 261, 440 S.E.2d 129, 130
(1994). 
To prevail on this theory, a
plaintiff must establish the following three elements:  (1) a benefit
conferred by the plaintiff upon the defendant, (2) realization of that benefit
by the defendant, and (3) retention of the benefit by the defendant under
circumstances that make it inequitable for the defendant to retain it without
paying its value.  Myrtle Beach Hosp., 341 S.C. at 8-9, 532
S.E.2d at 872.
In a law action, the measure of
damages is determined by the parties agreement, while in equity, the
measure of the recovery is the extent of the duty or obligation imposed by law,
and is expressed by the amount which the Court considers the defendant has been
unjustly enriched at the expense of the plaintiff.   Id.
at 8, 532 S.E.2d at 872 (quoting U.S. Rubber Prods., Inc. v. Town of
Batesburg, 183 S.C. 49, 55, 190 S.E. 120, 123-24 (1937)).
We hold Williams has met the
required elements for recovery under a theory of quantum meruit as
Williams conferred a benefit upon First Sun by performing work for which she was
not compensated, First Sun realized that benefit, and First Sun has retained the
benefit under circumstances that would make it inequitable for it to do so
without paying its value.
We further conclude the circuit
courts determination that the parties original contract was unlawful does
not bar Williamss recovery.  First Sun relies upon Jackson v. Bi-Lo
Stores, Inc., 313 S.C. 272, 437 S.E.2d 168 (Ct. App. 1993), for the
proposition that public policy will not allow a contract based upon an unlawful
act to be enforced.  First Sun contends that, since the circuit court
determined that parties original contract was void because First Sun did not
have a business license, Williams likewise cannot obtain compensation for her
services under an equitable theory.  See id. at 276, 437
S.E.2d at 170 (It is a well-founded policy of law that no person be permitted
to acquire a right of action from their own unlawful act and one who
participates in an unlawful act cannot recover damages for the consequence of
that act.  This rule applies at both law and in equity and whether the
cause of action is in contract or in tort. (internal citation omitted)).
Although we agree that the
legislature intended businesses such as First Sun obtain appropriate licensing,
that legislative intent would not be defeated by allowing Williams to be
compensated for the work she performed at First Suns request after she had
given notice of her resignation.  Considering all of the surrounding
circumstances, it would simply be unjust for First Sun to reap the benefit of
Williamss work and then avoid compensating her because First Sun failed to
follow the law.[4]  Accordingly,
we conclude the circuit court did not err in determining Williams is entitled to
reasonable compensation for her services.
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE,
JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule
215, SCACR.
[2]  First Sun also brought suit against Jim Kirk; however, none
of those claims are involved in this appeal.   
[3]  No challenge is made on appeal to the circuit courts
ruling that the parties original contract is void and unenforceable; thus,
the ruling is now the law of the case.  See, e.g., Larimore v.
Carolina Power & Light, 340 S.C. 438, 531 S.E.2d 538 (Ct. App. 2000)
(stating an unappealed ruling becomes the law of the case and the appellate
court must presume it is correct).
[4]  We note First Sun did not obtain a business license until
after the commencement of this action.