**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Progressive Home Builders, Inc., Respondent,

v.

Grace Hucks and Window Works, Inc., Defendants,

Of whom Grace Hucks is the Appellant,

and

Window Works, Inc. is the Respondent.

Appellate Case No. 2010-181289

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2013-UP-057
Heard December 11, 2012 – Filed January 30, 2013

**AFFIRMED**

Herbert W. Hamilton, of Hamilton Martens Ballou & Carroll, LLC, of Rock Hill, for Appellant.

Gary Ivan Finklea, of Finklea Law Firm, of Florence, for Respondent Progressive Home Builders, Inc.; and

Eugene Preston Warr, Jr., of Lucas Warr & White, of Lamar, for Respondent Window Works, Inc.

---

**PER CURIAM:** In this civil appeal, Grace Hucks contends the trial court erred in finding (1) Progressive Homebuilders, Inc. (Progressive) was entitled to payment for a window upgrade; (2) Hucks was not entitled to terminate the contract; and (3) Window Works was entitled to judgment pursuant to the theory of quantum meruit. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding the installed windows were an upgrade from the windows designated in the contract, and thus, Progressive was entitled to payment for those upgraded windows: *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 271, 705 S.E.2d 73, 76 (Ct. App. 2010) ("'In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law.'" (quoting *Electro Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter, Inc.*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004))); *id.* ("The 'trial judge's findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings.'" (quoting *Electro Lab*, 357 S.C. at 367, 593 S.E.2d at 172)).

2. As to whether the trial court erred in finding Hucks was not entitled to terminate the contract: *Id.* ("'In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law.'" (quoting *Electro Lab*, 357 S.C. at 367, 593 S.E.2d at 172)); *id.* ("'The trial judge's findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings.'" (quoting *Electro Lab*, 357 S.C. at 367, 593 S.E.2d at 172)).

3. As to whether the trial court erred in finding that pursuant to the theory of quantum meruit, Window Works' was entitled to an award against Hucks: *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616, 703 S.E.2d 221, 225 (2010) ("Absent an express contract, recovery under quantum meruit is based on quasi-contract." (citing *Columbia Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994))); *id.* at 616-17, 703 S.E.2d at 225 ("The elements of a quantum meruit claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it

without paying its value." (citing *Columbia Wholesale*, 312 S.C. at 261, 440 S.E.2d at 130)).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**