**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gary Hearn, Respondent,

v.

Laurens County Assessor, Appellant.

Appellate Case No. 2013-000753

_____

Appeal from the Administrative Law Court
Shirley C. Robinson, Administrative Law Court Judge

_____

Unpublished Opinion No. 2014-UP-298
Heard April 16, 2014 – Filed July 23, 2014

_____

**REVERSED AND REMANDED**

_____

Ray Nelson Stevens and Walter Hammond Cartin, Sr., of
Parker Poe Adams & Bernstein, LLP, of Columbia, and
A. Cruickshanks, IV, of Clinton, for Appellant.

Gary Hearn, pro se, of Spartanburg.

_____

**PER CURIAM:** The Laurens County Assessor (The County) appeals the Administrative Law Court's (ALC) valuation of Gary Hearn's property, arguing there was not substantial evidence to support the ruling and the ALC erred in finding the County's valuation did not comply with section 12-37-90(d) of the South Carolina Code (2014). We reverse and remand.

1. We reverse the ALC's admission of an appraisal performed by Kenneth C. Pruitt. The County maintains the ALC relied on inadmissible hearsay, and when it is properly excluded, the evidence presented is insufficient to support the ruling. We agree. *See Bailey v. Bailey*, 293 S.C. 451, 453, 361 S.E.2d 348, 349 (Ct. App. 1987) (stating the trial judge properly found an appraisal was inadmissible hearsay when the appraiser was not available to testify).

2. We find there was no substantial evidence to affirm the ALC's reversal of the Laurens County Board of Assessment Appeals. *See Byerly Hosp. v. S.C. State Health & Human Servs. Fin. Comm'n*, 319 S.C. 225, 229, 460 S.E.2d 383, 385-86 (1995) (stating this court must affirm an administrative agency's decision if the decision is supported by substantial evidence and we may not substitute our judgment for that of the agency upon questions for which there is room for difference of intelligent opinion); *Grayson v. Carter Rhoad Furniture*, 317 S.C. 306, 309, 454 S.E.2d 320, 321 (1995) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Reliance Ins. Co. v. Smith*, 327 S.C. 528, 534, 489 S.E.2d 674, 677 (Ct. App. 1997) ("[A]lthough a case involving a property tax assessment reaches the AL[C] in the posture of an appeal, the AL[C] is not sitting in an appellate capacity and is not restricted to a review of the decision below. Instead, the proceeding before the AL[C] is in the nature of a de novo hearing."). *See Smith v. Newberry Cnty. Assessor*, 350 S.C. 572, 579, 567 S.E.2d 501, 505 (Ct. App. 2002) (declaring when two experts prepare different valuations of the same property, it creates a range and this court has found substantial evidence contained in the record to uphold the ALC's adjustment of the value of a property when it fell within the range of values presented by the experts). Because the appraisal by Pruitt was inadmissible, the County's valuation was the only evidence of the property value available at trial. It was an error for the ALC to find a different value when there was no range from which to choose.

3. We find the issue of whether section 12-37-90(d) is applicable to the present case is unpreserved. The ALC did not address it in its order, and the County did not discuss it in its motion for reconsideration. *See Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009) ("As in other appellate matters, we require issue preservation in administrative appeals."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating issues not raised to and ruled upon by the ALC are unpreserved for appellate review); *Carson v. S.C. Dep't of Natural Res.*, 371 S.C. 114, 120, 638

S.E.2d 45, 48 (2002) (ruling that a court sitting in appellate capacity may not consider issues not raised or ruled on by an administrative agency); *Kiawah Resort Assoc. v. S.C. Tax Comm'n*, 318 S.C. 502, 505-06, 458 S.E.2d 542, 544 (1995) (holding the same).

**REVERSED AND REMANDED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**