**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sony Adams, Respondent,

v.

Nadine Adams, Appellant.

Appellate Case No. 2016-002462

———————

Appeal From McCormick County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-467
Submitted November 1, 2018 – Filed December 19, 2018

———————

**AFFIRMED**

———————

Clarence Rauch Wise, of Greenwood, for Appellant.

Heather Hite Stone, of Hite and Stone, of Abbeville; and Scarlet Bell Moore, of Greenville, both for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616, 703 S.E.2d 221, 225 (2010) ("An action based on a theory of quantum meruit sounds in equity."); *id.* ("When reviewing an action in equity, an appellate court reviews the evidence to determine facts in accordance with its own view of the preponderance of the evidence."); *Columbia Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259,

261, 440 S.E.2d 129, 130 (1994) ("This [c]ourt has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment."); *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another."); *id.* ("Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.