22727

Dr. Kevin R. JOHNSTON, Petitioner v. Dr. Alec E. BROWN, Respondent.
(357 S. E. (2d) 450)

Supreme Court

*Joseph M. Fullwood* and *John Earl Duncan* of *Rogers, Duncan, Fullwood & Derrick,* Lexington, *for petitioner.*

*Charles B. Bowers,* Columbia, *for respondent.*

Heard May 6, 1987.

Decided May 26, 1987.

*Per Curiam:*

Plaintiff, Dr. Kevin R. Johnston, and the defendant, Dr. Alec E. Brown, were associated for the practice of dentistry

from 1978 to 1982. The complaint alleges that the defendant wrongfully detained equipment and patient records and asserted that the defendant was due the plaintiff additional compensation for his services for the years 1980 to 1982 on the theory of *quantum meruit.* A jury returned verdicts against the defendant of $7,500 actual damages and $10,000 punitive damages for wrongful detention and $19,000 in *quantum meruit* for services rendered by the plaintiff for the years 1980-1982. The trial judge ordered a new trial *nisi* as to punitive damages unless the plaintiff agreed to remit $8,000 of the $10,000 punitive damage award. He sustained the verdicts as to the $7,500 and $19,000 awards.

Both parties appealed, and the matter was heard in the Court of Appeals. It was the contention of the plaintiff that the trial judge erred in granting a new trial *nisi.* It was the contention of the defendant that the plaintiff had been fully paid for all services rendered between the years 1980 and 1982 and that the trial judge should have directed a verdict as to the *quantum meruit* issue.

The Court of Appeals affirmed the award of actual damages ($7,500) and the granting of a new trial *nisi* and reversed the award for the *quantum meruit* cause of action. *Johnston v. Brown*, 290 S. C. 141, 348 S. E. (2d) 391 (Ct. App. 1986). This court granted certiorari to consider only the issue of whether the Court of Appeals erred in overturning the jury verdict for the *quantum meruit* award. We hold that it did, reverse and reinstate the jury verdict.

The plaintiff, a young dentist, went to work for the defendant in 1978 under a written agreement which expired in 1980. Plaintiff denied having signed the contract but conceded that it controlled the parties' relationship, including the rate of compensation until it expired in 1980. The contest relates only to the 1980-1982 period.

The plaintiff testified that after the expiration of this agreement in August 1980, the parties continued to work together in the same office. It was his further testimony that the continued relationship was predicated upon the formation of a partnership, and he remained in the office only because a partnership was to be formalized. It is the plaintiff's contention that the evidence established that there was no contract as to amount of compensation for the

1980-1982 period and that he is entitled to recover the reasonable value of his services, less the compensation already received for this period.

Implicit in the jury's verdict is a finding that there was no contract expressed or implied relative to the compensation which the plaintiff was to receive for his services from 1980 to 1982. The Court of Appeals, in setting aside the $19,000 verdict, said:

> The undisputed testimony of Johnston and Brown shows they had an express agreement regarding Johnston's compensation from August 1980 to August 1982. Johnston rendered the services agreed to and Brown paid him the agreed compensation for those services. In other words, both parties performed the contract. In these circumstances, it was error for the trial judge to deny Brown's motion for a directed verdict on the quantum meruit claim.

We disagree.

While the issue is a close one, we think the Court of Appeals erred in vacating the $19,000 verdict. Our determination is based on the whole of the evidence. When the evidence in its entirety is considered, it is inferable that the working relationship of the defendant and the plaintiff continued from 1980 until 1982 in contemplation of a partnership agreement. Plaintiff testified that he approached the defendant on many occasions relative to anchoring down the terms of the partnership relation. He stated that the defendant "... had an excuse one after another ..." for not finalizing the details of a new partnership agreement. Finally the defendant came through with a proposal dated April 8, 1982, prepared by the defendant's tax consultant. The proposal offered the plaintiff only a 25 percent participation whereas 50 percent had been contemplated. The jury was justified (considering all of the testimony) in concluding that there had been no agreement as to the total amount of compensation to be received by the plaintiff between 1980 and 1982.

In an action at law, a factual finding of the jury will not be disturbed on appeal unless a review of the record discloses no evidence which reasonably supports the jury's

findings. *Townes Assocs. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). The trial judge instructed the jury it must determine whether there was a contract for 1980-1982 and whether Dr. Johnston had been paid a reasonable value for his services.

It is for the jury to determine whether there was a contract and whether it was performed according to its terms. *Quality Concrete Products, Inc. v. Thomason*, 253 S. C. 579, 172 S. E. (2d) 297 (1970). Under the theory of implied contract, when there is no agreement as to the price to be paid for services one is entitled to recover the fair or reasonable value of the services rendered. *Braswell v. Heart of Spartanburg Motel*, 251 S. C. 14, 159 S. E. (2d) 848 (1968).

The Court of Appeals erred in concluding Dr. Johnston received the "agreed payment" for his services because there was evidence showing there was no agreement. It was for the jury to determine what compensation was reasonable for 1980-1982. Its *quantum meruit* award of $19,000 is supported by the evidence Dr. Johnston presented.

Reversed.