734 S.E.2d 177

WILLIAMS CARPET CONTRACTORS, INC., Appellant,

v.

Mark SKELLY, Respondent.

No. 5040.

Court of Appeals of South Carolina.

Heard June 7, 2012.

Decided Oct. 24, 2012.

Henrietta U. Golding and James K. Gilliam, of Myrtle Beach, for Appellant.

G. Michael Smith, of Conway, for Respondent.

KONDUROS, J.

Williams Carpet Contractors, Inc. appeals the circuit court's granting of Mark Skelly's motion for judgment notwithstanding the verdict (JNOV). Williams Carpet argues the court improperly weighed the evidence in making its determination. We reverse.

## FACTS/PROCEDURAL HISTORY

Williams Carpet provides and installs floor coverings, including carpet, tile, and hardwood floors, in the Myrtle Beach area. Skelly is a builder and developer in Horry County. Around 1982, Williams Carpet and Skelly began doing business together. Over the years, Williams Carpet provided materials to projects Skelly developed and built through various corporations. Williams Carpet dealt directly with Skelly for those projects, and Skelly paid each time. The parties

never entered into a written contract but had oral agreements sealed with a handshake.

In 2003, M.S. Industries acquired a parcel of property known as Green Haven on which to develop and build condominiums. Skelly was the president of M.S. Industries, and he and John L. Martini, Jr. were shareholders. Skelly selected carpet and tile from Williams Carpet by himself on his initial visit, and he and his wife made the final selections. Skelly negotiated the price and verbally agreed to pay with a handshake for the items. Skelly did not inform Williams Carpet that anyone was involved in building or developing the project other than himself.

Before construction of Green Haven began in 2005, M.S. Industries hired Baldwin Construction Company as the general contractor for the project; it built the first three buildings. M.S. Industries then replaced Baldwin with Rick Ruonala, a former employee of Baldwin, and his new LLC, Ruonala and Company, for the remaining six buildings, all without Williams Carpet's knowledge. On April 18, 2005, Skelly, through M.S. Industries, and Ruonala and Company entered into a contract to construct six buildings at Green Haven for $650,000 per building. Williams Carpet began installing carpet and tile at Green Haven in 2005, and Skelly requested it send all invoices to Ruonala and Company, which alarmed Williams Carpet. Skelly told Williams Carpet "don't worry about it, you bill it and I will pay for it" and "I'll make sure you get paid for it," and Williams Carpet agreed to send all invoices to Ruonala and Company.

Because Williams Carpet had not been paid after it installed carpet and tile in five of the six buildings, it informed Skelly it would not do any of the remaining work until it was paid and threatened to file a mechanic's lien if it did not receive payment. Skelly asked it to refrain from filing a mechanic's lien and promised it would receive full payment once it completed the job. Skelly requested Williams Carpet send all invoices directly to him, and it completed the final building. Skelly, through M.S. Industries, paid Williams Carpet $45,272.33 and Williams Carpet received a total of $78,781.52 with a balance of $188,851.40 remaining. Skelly and Martini

each received one million three thousand dollars for the project.

Williams Carpet brought suit against Ruonala and Company, Skelly, and M.S. Industries for breach of contract, quantum meruit, negligent misrepresentation, and violations of the Unfair Trade Practices Act. At trial, just after the selection of the jury, Williams Carpet dismissed its breach of contract claim, without objection. The owners of Williams Carpet testified that it would have never agreed to do business with Ruonala and Company because the owner had no money and had previously worked at Baldwin Construction, which failed to pay Williams Carpet for prior jobs. Beverly Causey, one of the owners of Williams Carpet, testified Skelly asked it not to file a mechanic's lien, requesting "please get this last building done and I will pay you all your money."

Prior to the case being submitted to the jury, Williams Carpet dismissed M.S. Industries and Ruonala and Company from the suit. At the conclusion of Williams Carpet's case, Skelly moved for a directed verdict on all of the causes of action. The trial court denied the motion as to the quantum meruit and negligent misrepresentation actions and granted the motion as to the Unfair Trade Practices action. The jury found in favor of Skelly on the negligent misrepresentation action and Williams Carpet for the quantum meruit cause of action and awarded it $168,000 in damages. Skelly moved for a JNOV, arguing awarding quantum meruit to Williams Carpet would result in Skelly paying for its products and services twice because M.S. Industries had paid Ruonala and Company the full contract price of $650,000 per building. Williams Carpet argued it had presented evidence M.S. Industries did not pay Ruonala and Company in full.

The trial court gave the parties seven days to submit further research on the matter. The trial court ultimately granted Skelly's JNOV motion, finding, "the evidence proved that [Skelly's] corporation, M.S. Industries, Inc., paid for the value of the materials provided by [Williams Carpet] for the project when it paid in excess of the full construction contract price to Ruonala and Company, LLC." Williams Carpet filed a motion for reconsideration pursuant to Rules 59 and 60, SCRCP, which the trial court denied. This appeal followed.

## STANDARD OF REVIEW

■ A motion for JNOV, under Rule 50(b), SCRCP, is a renewal of the directed verdict motion. *Glover v. N.C. Mut. Life Ins. Co.*, 295 S.C. 251, 256, 368 S.E.2d 68, 72 (Ct.App. 1988). When ruling on a JNOV motion, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002). This court must follow the same standard. *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct.App.2000). "If more than one reasonable inference can be drawn or if the inferences to be drawn from the evidence are in doubt, the case should be submitted to the jury." *Chaney v. Burgess*, 246 S.C. 261, 266, 143 S.E.2d 521, 523 (1965).

## LAW/ANALYSIS

### I. Quantum Meruit

■ Williams Carpet argues the trial court erred in granting Skelly's JNOV motion because it presented evidence demonstrating M.S. Industries paid less than the full contract price to Ruonala and Company. We agree.

■ "[Q]uantum meruit, quasi-contract, and implied by law contract are equivalent terms for an equitable remedy." *QHG of Lake City, Inc. v. McCutcheon*, 360 S.C. 196, 202, 600 S.E.2d 105, 108 (Ct.App.2004) (citations and internal quotation marks omitted) (alteration by court). "The terms 'restitution' and 'unjust enrichment' are modern designations for the older doctrine of quasi-contracts." *Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct.App.1988). To prevail on a quantum meruit claim, a plaintiff must establish (1) he conferred a benefit upon the defendant; (2) the defendant realized that benefit; and (3) retention of the benefit by the defendant under the circumstances make it inequitable for the defendant to retain it without paying its value. *Swanson v. Stratos*, 350 S.C. 116, 121, 564 S.E.2d 117, 119 (Ct.App.2002); *see also Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616–17, 703 S.E.2d 221, 225 (2010) (providing the same requirements).

"Courts addressing a claim of unjust enrichment by a subcontractor against a property owner have typically denied recovery where the owner in fact paid on its contract with the general contractor." *Columbia Wholesale Co. v. Scudder May N.V.,* 312 S.C. 259, 262–63, 440 S.E.2d 129, 131 (1994) (citing *Cohen v. Delmar Drive-in Theatre, Inc.,* 84 A.2d 597 (Del.Super.Ct.1951); *Guldberg v. Greenfield,* 259 Iowa 873, 146 N.W.2d 298 (Iowa 1966); *Crockett v. Brady,* 455 S.W.2d 807 (Tex.Civ.App.1970)) (comparing *Costanzo v. Stewart,* 9 Ariz. App. 430, 453 P.2d 526 (1969) (allowing recovery for unjust enrichment when owner assured subcontractor money was escrowed to pay for job and owner did not pay general contractor)).

The trial court erred in granting Skelly's JNOV motion because Williams Carpet presented evidence Ruonala and Company was not paid in full for the project. That evidence included a spreadsheet showing M.S. Industries paid less than full contract price for four of the buildings constructed and the exact contract price for the other two buildings. Additionally, Skelly testified M.S. Industries paid less than the full contract price per building. Williams Carpet also submitted evidence that M.S. Industries included money paid for services like landscaping as part of the contract price even though those services were not part of the agreement. The trial court stated that Ruonala and Company came in under contract for two buildings.

Skelly testified that he believed Ruonala and Company was paid less than the contract price because he "imagine[d] that went to subcontractors directly, or jointly." Skelly argues that M.S. Industries paid over the contract price to Ruonala and Company and the subcontractors. The evidence conflicts as to whether Ruonala and Company was fully paid under the contract. Therefore, because some evidence supports that Ruonala and Company was not fully paid, the trial court erred in granting Skelly's motion for JNOV.

## II. Additional Sustaining Grounds

 Skelly argues as additional sustaining grounds that Williams Carpet should be barred from recovering under the theory of quantum meruit because it did not pursue a mechan-

ic's lien and because it had a contract with Skelly. We disagree.

> [A] respondent . . . may raise . . . any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court. It would be inefficient and pointless to require a respondent to return to the judge and ask for a ruling on other arguments to preserve them for appellate review. It also could violate the principle that a court usually should refrain from deciding unnecessary questions.

*I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000). However, "an appellate court is less likely to rely on such a ground when the respondent has failed to present it to the lower court." *Id.* at 421, 526 S.E.2d at 724.

### A. Mechanic's Lien

■ "Some courts addressing quasi-contractual claims have held a subcontractor's failure to pursue the statutory remedy of a mechanic's lien precludes a finding the enrichment is unjust." *Columbia Wholesale Co.*, 312 S.C. at 263, 440 S.E.2d at 131 (citing *Lynn v. Miller Lumber Co.*, 146 Ga.App. 230, 246 S.E.2d 137 (1978); *Pay–N–Taket, Inc. v. Crooks*, 259 Iowa 719, 145 N.W.2d 621 (1966); *Crockett*, 455 S.W.2d at 810). "Other courts have allowed recovery in quantum meruit even where a mechanic's lien was not pursued." *Id.* (citing *United States v. Ins. Co. of N. Am.*, 695 F.2d 455 (10th Cir.1982) (applying New Mexico law); *G & G Langenbrunner, Inc. v. Davis Constr. Co.*, 21 Ohio Misc.2d 11, 488 N.E.2d 506 (Ohio Munic.Ct.1984)). The South Carolina Supreme Court has determined, "Failure to pursue a mechanic's lien, however, will not bar an action for quantum meruit recovery as a matter of law if a plaintiff can otherwise prove circumstances establishing unjust enrichment." *Id.* at 263, 440 S.E.2d at 131–32 (citing *Gee v. Eberle*, 279 Pa.Super. 101, 420 A.2d 1050 (1980); *Costanzo*, 453 P.2d at 529 (finding the failure to file mechanic's lien did not bar recovery for unjust enrichment when owner paid no one)).

The South Carolina Supreme Court has found failure to pursue a mechanic's lien will not bar an action for quantum meruit recovery as a matter of law if a plaintiff can otherwise

prove circumstances establishing unjust enrichment. Here, when Williams Carpet was threatening to obtain a mechanic's lien, Skelly convinced it not to do so. Accordingly, its failure to obtain a mechanic's lien in this situation does not bar it from recovering under the quantum meruit action.

## B. Express Contract v. Quantum Meruit

■ "A breach of contract claim and quantum meruit claim can be alternative rather than inconsistent remedies." *JAS-DIP Props. SC, LLC v. Estate of Richardson*, 395 S.C. 633, 639, 720 S.E.2d 485, 488 (Ct.App.2011) (citing *Franke Assocs. by Simmons v. Russell*, 295 S.C. 327, 332, 368 S.E.2d 462, 465 (1988)). In *Earthscapes Unlimited, Inc.*, 390 S.C. at 617, 703 S.E.2d at 225, the supreme court affirmed the circuit court's decision to award damages under the theory of quantum meruit even though the circuit court had found a contract between the parties. The supreme court found, "While the circuit court did find there was a contract between the two parties in this action, it never awarded damages because of a breach of that contract. Rather, the circuit court chose the theory of quantum meruit as an alternate remedy." *Id.* at 617 n. 4, 703 S.E.2d at 225 n. 4.

■ However, "[i]f the tasks the plaintiff is seeking compensation for under a quantum meruit theory are encompassed within the terms of an express contract which has not been abandoned or rescinded, the plaintiff may not recover under quantum meruit." *Swanson*, 350 S.C. at 122, 564 S.E.2d at 120 (citing 66 Am. Jur. 2d *Restitution and Implied Contracts* § 81 (2001) ("[I]t is a defense to an action in quantum meruit that there is an express contract covering the issue of compensation for services or materials furnished.")) (comparing *Strickland v. Coastal Design Assocs.*, 294 S.C. 421, 424, 365 S.E.2d 226, 228 (Ct.App.1987) ("The law is well settled in this nation that where an express contract has been rescinded or abandoned, one furnishing labor or materials in part performance may recover in quantum meruit unless the original contract remains in force."); *Johnston v. Brown*, 290 S.C. 141, 148, 348 S.E.2d 391, 395 (Ct.App.1986), *rev'd on other grounds*, 292 S.C. 478, 357 S.E.2d 450 (1987) ("While a recovery may be had in quantum meruit for services fully performed under an express contract, the plaintiff's recovery is

limited to the amount the parties agreed should be paid for the services." (footnote omitted))).

Case law bars *recovering* under both theories. Here, Williams Carpet abandoned its breach of contract claim without any objection from Skelly and instead proceeded only under the quantum meruit theory. The jury never considered whether Skelly and Williams Carpet formed a contract. Because a finding was never made on whether there was an express contract, Williams Carpet could pursue recovery under quantum meruit. Further, Skelly never raised this issue at trial. Although an additional sustaining ground does not have to be raised at trial, it does make it less likely that this court would rely on it. Accordingly, the alleged contract does not bar Williams Carpet's recovery under the theory of quantum meruit.

## CONCLUSION

As some evidence supports that Ruonala and Company was not fully paid, the trial court erred in granting Skelly's motion for JNOV. Further, we do not find Skelly's arguments as to his additional sustaining grounds merit affirming. Therefore, the trial court's order granting Skelly's JNOV motion is

**REVERSED.**

WILLIAMS and PIEPER, JJ., concur.