**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Viresh Sinha, Appellant,

v.

Neelu Choudhry, Respondent.

Appellate Case No. 2017-001702

Appeal From Richland County
Dorothy Mobley Jones, Family Court Judge
Rosalyn Frierson-Smith, Family Court Judge

Unpublished Opinion No. 2020-UP-260
Submitted April 1, 2020 – Filed September 2, 2020
Withdrawn, Substituted, and Refiled November 18, 2020

**AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED**

Viresh Sinha, of Columbia, pro se.

William Benito Fortino, of Moore Taylor Law Firm,
P.A., of West Columbia, for Respondent.

**PER CURIAM:** Viresh Sinha (Father) appeals the family court's orders dismissing his complaint and awarding Neelu Choudhry (Mother) attorney's fees. On appeal, Father argues the family court erred in dismissing his complaint under

Rule 12(b)(6), SCRCP, awarding Mother attorney's fees, refusing to award him costs, and dismissing his motion to amend his complaint to hold Mother and her counsel in contempt under 18 U.S.C § 241 (2018). Father also asserts Mother's counsel made a misrepresentation to the family court by not addressing its dismissal of his motion to amend his pleadings in the proposed order Mother's counsel drafted for the family court. We affirm in part, reverse in part, and remand.

Viewed in the light most favorable to Father, we find the family court erred in dismissing Father's complaint under Rule 12(b)(6), SCRCP. *See Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *id.* at 202, 584 S.E.2d at 415 ("In deciding whether the trial court properly granted the motion to dismiss, [an appellate court] must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Brazell v. Windsor*, 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009) ("If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper."). On October 17-21, 2016, the family court held a trial on Mother's action for modification of custody and child support. During the trial, Father testified he owned a private school and Mother presented evidence showing Father deposited money into his personal bank account. On November 23, 2016, the family court held a second hearing, during which the family court announced it was awarding custody and child support to Mother and imputing $4,302 in monthly income to Father based on the evidence presented at trial. Five days after the oral ruling, Father closed his school. In March 2017—approximately five months after trial—the family court filed its amended final order and imputed $4,302 in monthly income to Father based on the testimony presented at trial, including Father depositing money from various sources into his personal account.

In May 2017, Father filed this complaint alleging a change in circumstances because he had recently closed his school due to the family court's oral ruling and a decrease in number of students. We find Father's allegation sufficient to survive a Rule 12(b)(6) motion, especially when the family court's order was based on facts in the trial of the case which concluded prior to the closing of Father's business. *See Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989) ("A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances."); *id.* at 310, 384 S.E.2d at

717 ("A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons."). Accordingly, without reaching the merits of Father's underlying allegation about the change of circumstance, we reverse the family court's dismissal of Father's complaint and remand for further proceedings.[1]

Next, to the extent Father asserts a cause of action existed to modify custody, he abandoned that claim during the hearing when he told the court he was no longer proceeding on that issue because he wanted to "focus on the financial part of it." *See Williams Carpet Contractors, Inc. v. Skelly*, 400 S.C. 320, 329, 734 S.E.2d 177, 182 (Ct. App. 2012) (noting the plaintiff abandoned its breach of contract claim when it dismissed the claim at the beginning of trial and proceeded only on the *quantum meruit* theory). Additionally, Father abandoned his argument that the family court erred in not awarding costs because he only listed the issue in his brief and did not include any argument or law supporting this issue. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting a party is deemed to have abandoned an issue on appeal when the party fails to cite supporting authority or provide arguments); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (finding an issue is abandoned on appeal when it "is not argued within the body of the brief but is only a short conclusory statement").

Finally, we affirm the family court's denial of Father's motion to amend his complaint to hold Mother and her counsel in contempt under 18 U.S.C. § 241. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (stating an appellate court reviews the family court's procedural rulings under an abuse of discretion standard); *Wagner v. United States*, 377 F.Supp.2d 505, 510-11 (D.S.C. 2005) (acknowledging a plaintiff "had no private right of action under 18 U.S.C. §[] 241 . . . because [it is a] criminal statute[]"). Father's argument that Mother's counsel made a misrepresentation to the court by not addressing the family court's dismissal of his motion to amend his pleadings in counsel's proposed final order is not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

Accordingly, the order of the family court is

---

[1] Because we reverse the family court's dismissal of Father's complaint, we also reverse the family court's award of attorney's fees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.