**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christian Wienands, Charlotte Muxlow, and Gregory Muxlow, Appellants,

v.

South Wind Ranch, Ronald Hakala, and Ashley Black, Respondents.

Appellate Case No. 2023-000081

———————

Appeal From Greenville County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-130
Submitted April 10, 2024 – Filed April 24, 2024

———————

**AFFIRMED**

———————

Helena LeeAnn Jedziniak and Joshua Thomas Hawkins, both of Hawkins & Jedziniak, LLC, of Greenville, for Appellants.

Kenneth Jay Anthony, of Anthony Law, LLC, of Greenville, for Respondents.

———————

**PER CURIAM:** Christian Wienands, Charlotte Muxlow (Charlotte), and Gregory Muxlow (Gregory) (collectively, Appellants) appeal the circuit court's order

granting summary judgment to South Wind Ranch, Ronald Hakala—one of the owners of South Wind Ranch—and Ashley Black (collectively, Respondents).  On appeal, Appellants argue the circuit court erred by granting summary judgment on their four causes of action and the summary judgment ruling violated their right to a jury trial under the South Carolina and United States Constitutions.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by granting Respondents' motion for summary judgment.  *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) (clarifying the proper standard of decision under Rule 56(c), SCRCP, "is the 'genuine issue of material fact' standard set forth in the text of the Rule"); *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

In 2019, Wienands, as Gregory and Charlotte's representative,[1] signed a contract with South Wind Ranch, and Charlotte signed a contract with Ashley Black.  The contracts were made in contemplation of Gregory and Charlotte's upcoming November 2020 wedding; the first contract pertained to the reservation of a venue for the wedding, and the second contract pertained to the retention of Black's services as a wedding planner.  Deposits were paid by Appellants under both contracts.  Subsequently, the COVID-19 pandemic occurred, and Charlotte informed Respondents that the November 2020 wedding would need to be rescheduled.  The parties communicated about reserving a 2021 date, with credit given for monies already paid; ultimately, however, a new date was not chosen and Appellants sought a refund of the deposits paid under the two contracts.  Respondents refused, and Appellants filed a lawsuit.  In their complaint, Appellants asserted claims for common law negligence and recklessness, a

---

[1] Christan Wienands is Charlotte's father.

violation of the South Carolina Unfair Trade Practices Act (UTPA),[2] breach of contract accompanied by a fraudulent act, and quantum meruit.

Viewing the evidence in the light most favorable to Appellants, Appellants have failed to show there is a genuine issue of material fact. The South Wind Ranch Contract provides, "All deposits are non-refundable (except Security Deposit) & any balance due must be paid 30 days prior to the scheduled event or the event may not be held." Similarly, the Ashley Black Contract provides, "If event is canceled, no portion of the fees paid to Consultant will be returned." Appellants do not contest the contracts were binding. Appellants allege actions or inactions by Respondents related to rescheduling a new date in 2021, in part, give rise to their claims; however, neither contract required Respondents to reschedule. We find the contracts preclude each of Appellants' causes of action. Thus, summary judgment was proper. *See Butler v. Travelers Home & Marine Ins. Co.*, 433 S.C. 360, 366-67, 858 S.E.2d 407, 410 (2021) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." (quoting *Schulmeyer v. State Farm Fire & Cas. Co.*, 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003))); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect."); *id.* ("It is a question of law for the court whether the language of a contract is ambiguous."); *Burnett v. Fam. Kingdom, Inc.*, 387 S.C. 183, 189, 691 S.E.2d 170, 173 (Ct. App. 2010) ("In order to succeed in a negligence cause of action, the plaintiff must establish (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages."); *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 638, 743 S.E.2d 808, 816 (2013) ("To recover in an action under the UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." (quoting *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006))); *Hotel & Motel Holdings, LLC v. BJC Enterprises, LLC*, 414 S.C. 635, 654, 780 S.E.2d 263, 273-74 (Ct. App. 2015) ("In order to maintain a claim for breach of contract accompanied by fraudulent act, a plaintiff must prove three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract, not merely to its making; and (3) a fraudulent act accompanying the breach.");

---

[2] S.C. Code Ann. §§ 39-5-10 to -180 (1985 & Supp. 2023).

*Williams Carpet Contractors, Inc. v. Skelly*, 400 S.C. 320, 325, 734 S.E.2d 177, 180 (Ct. App. 2012) ("To prevail on a quantum meruit claim, a plaintiff must establish (1) he conferred a benefit upon the defendant; (2) the defendant realized that benefit; and (3) retention of the benefit by the defendant under the circumstances make it inequitable for the defendant to retain it without paying its value."). Based on this court's holding that summary judgment was proper, Appellants' arguments regarding their entitlement to a jury trial are without merit.[3]

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and MCDONALD, JJ., concur.**

---

[3] To the extent Appellants argue the circuit court erred by not granting leave to amend the complaint to add a breach of contract claim, this issue is not preserved for appellate review because Appellants first raise this issue on appeal to this court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). The only argument presented to the circuit court related to amending the complaint involved adding additional defendants, which was not argued to this court on appeal.

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.